**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL  DIVISION**

**PHILIP GAINES**
**Plaintiff**

**vs.**                                                    **CIVIL ACTION _____**
                                                           **JURY REQUESTED**

**CENTRAL FREIGHT LINES, INC.**
**Defendant**

<u>PLAINTIFF'S COMPLAINT</u>

NOW COMES PHILIP GAINES, Plaintiff, and files this, his Original Complaint

complaining of  Central Freight Lines, Inc.,  Defendant, and in support thereof respectfully show

this Court as follows:

**NATURE OF THE CLAIM**

1.   This an action in brought under the Age Discrimination in Employment Act of 1967, 29

U.S.C.  §621 et seq. against the defendant, Central Freight Lines, Inc.   Plaintiff  alleges that

Defendant, Central Freight Lines, Inc.  (hereafter "Defendant"), violated the Age Discrimination

Employment act by terminating the employment of Plaintiff  with the defendant  because of his

age.

2.  The plaintiff is a qualified employee who has been denied employment including  wages and

benefits due him because  of the disparate impact and treatment caused by Defendant's age

discriminatory practices.

3. Plaintiff brings this cause of action to vindicate his rights.  Plaintiff seeks the full measure of

available relief, including declaratory, equitable, compensatory and punitive remedies, as well as

<u>**Plaintiff's Complaint, Page 1**</u>

statutory attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) in as much as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in whole or in part, in the Eastern District of Texas.

## III. PARTIES

6. Plaintiff PHILIP GAINES is an adult citizen who resides in the Eastern District of Texas. He was an employee of the defendant, located in Tyler, Smith County, Texas.

7. Defendant., Central Freight Lines, Inc. is a corporation doing business in the State of Texas. Defendant Central Freight Lines, Inc. does business in the Eastern District of Texas and can be served through its registered agent, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

## IV.

## PROCEDURAL REQUIREMENTS

8. Paragraphs 1-7 above are incorporated herein by reference.

9. Plaintiff has filed timely complaints with the Equal Employment Opportunity Commission ("EEOC"). On or about January 27, 2020, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of Plaintiffs's claims. Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

**Plaintiff's Complaint, Page 2**

## V. STATEMENT OF THE CLAIM REF

10. Plaintiff began his employment with the defendant on or about February 11, 1976, having been with the company for nearly forty three  years..   Plaintiff worked as a truck driver.

11. Plaintiff had been off work on leave and was going to return to work on or about  October 21, 2019.

12. On October 29, 2019, Mandy Lowry, HR Business Partner, with the defendant, sent out an email stating in part "he tried to return to work on 10/21/19 but could not pass the fit for duty physical.  This is required for anyone in a DOT position.   He is required to lift between 75-100 lbs but could not do so safely.  (See Exhibit "A" attached hereto)..

12.  The email also states "he needs to continue on the short term disability and possibly go into long term depending on if his weight restriction continues."

13. Mandy Lowery had previously received a document from a  physician of Plaintiff that was dated October 21, 2019.  (See Exhibit "B" attached hereto)

14.  This document has a space for the question, has the physician reviewed the driver's job description, and the answer is yes.  (See Exhibit "B" attached hereto)

15.  This document has a space for the question, is the driver being released to full duty without restrictions, and the answer is yes.  (See Exhibit "B" attached hereto)

16.  The physician also signed the description of employee's job duties on October 21, 2019. (See Exhibit "C" attached hereto).

17.   This document referred to in No. 16 above, was prepared by the defendant for the employees that were employed by Central Freight Lines, Inc.

18.  On the second page of this document there is a space that states, "please indicate the daily

**Plaintiff's Complaint, Page 3**

lifting and carrying requirements of the job: indicate the height he object is lifted from floor, table or overhead location and the distance the object is carried".  (See Exhibit "C" attached hereto).

19.  In the space for 75-100 pounds it states never.  (See Exhibit "C" attached hereto)

20.  The document also states, "describe the heaviest item required to carry and the distance to be carried: Forklift propane tanks, weighing 65 pounds.  Forklifts and pallet jacks are available to assist in moving heavier objects".  (See Exhibit "C" attached hereto).

21.  A closer look at the document found at Exhibit "C" reflects that at the top of the document a fax number of 19725545604., and a date of October 21, 2019.

22. The fax number found in Exhibit "C" is the fax number of Mandy Lowery found in Exhibit "A".

23.  That would mean that on October 29, 2019, Mandy Lowery knew that a physician of Plaintiff had  allowed Plaintiff to return to work without restrictions.

24. In addition on October 29, 2019, Mandy Lowery knew there were no lifting requirements of its employees of 75-100 pounds.

25. Additionally Mandy Lowery knew that the heaviest item to be carried was 65 pounds.

26. The fax number of 903-561-2495 is for Azalea Orthopedics at South Broadway, 8101 South Broadway Ave., Tyler, Texas 75703.

27.   Mandy Lowery had also previously received a document from a  physician of Plaintiff that was dated October 22, 2019.  (See Exhibit "D" attached hereto)

28.  This document has a space for the question, has the physician reviewed the driver's job description, and the answer is yes.  (See Exhibit "D" attached hereto)

**Plaintiff's Complaint, Page 4**

29.  This document has a space for the question, is the driver being released to full duty without restrictions, and the answer is yes.  (See Exhibit "D" attached hereto)

30.  The physician also signed the description of employee's job duties on October 22, 2019. (See Exhibit "E" attached hereto).

31.   This document referred to in No. 30 above was prepared by the defendant for the employees that were employed by Central Freight Lines, Inc.

32.  On the second page of this document there is a space that states, please indicate the daily lifting and carrying requirements of the job: indicate the height he object is lifted from floor, table or overhead location and the distance the object is carried.  (See Exhibit "E" attached hereto).

33.  In the space for 75-100 pounds it states never.  (See Exhibit "E" attached hereto)

34.  The document also states, describe the heaviest item required to carry and the distance to be carried: Forklift propane tanks, weighing 65 pounds.  Forklifts and pallet jacks are available to assist in moving heavier objects.  (See Exhibit "E" attached hereto).

35.  A closer look at the document found at Exhibit "E" reflects that at the top of the document a fax number of 19725545604., and a date of October 22, 2019.

36.   The fax number of 903-595-5693 is for The Texas Center for Hip and Knee Reconstruction at 1905 S. Donnybrook, Tyler, Texas 75701.

37. The fax number found in Exhibit "E" is the fax number of Mandy Lowery found in Exhibit "A".

38.  On October 29, 2019, Mandy Lowery had knowledge of the fact that two different physicians had released Plaintiff to full duty without restrictions.

**Plaintiff's Complaint, Page 5**

39.  On October 29, 2019, Mandy Lowery had knowledge of the fact that two different physicians had signed documents on job descriptions for Plaintiff that never required lifting of 75-100 pounds.

40. The reason for the termination of Plaintiff was fictitious based on the documents of the defendant.

41. The defendant had little or no training on age discrimination with its employees.

42.  The Plaintiff could perform the essential functions of his job, as reflected in two evaluations by medical physicians.

43.   Plaintiff was replaced by a younger worker, Daniel Route.

44.  The result of the foregoing employment practice was to deprive Plaintiff of equal employment opportunities because of his age.

45.  Plaintiff would further show that Defendant acted intentionally, maliciously and/or with reckless indifference to the state-protected rights of Plaintiff in  discriminating against him and that as a result he is entitled to recover exemplary and/or punitive damages.  Plaintiff believes that exemplary and/or punitive damages in the sum of $250,000.00 would be sufficient to prevent this type of conduct in the future by Defendant and to set an example to others contemplating such conduct.

**DAMAGES**

46. Plaintiff is seeking reinstatement to his position that he had been employed at for many years, and back pay for the time he was not working for the Defendant.

47. Plaintiff is seeking fringe benefits that he did not receive after his termination, including but not limited to health insurance, life insurance, dental insurance, vision insurance, 401K plan,

stock options, bonuses, and vacation pay.

48.  If reinstatement is not an option, Plaintiff is seeking front pay and fringe benefits  for the additional  ten (10) years that Plaintiff would have worked at the facility.

49. Plaintiff is seeking liquidated damages in that the defendant acted willfully.

50.  Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

**ATTORNEY FEES**

51. It was necessary for the plaintiff to retain the undersigned attorneys to represent him  in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

PRAYER FOR RELIEF

52. WHEREFORE, Plaintiff respectfully request that this court  grant the following relief:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights.

(b) Render and enter a judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of Texas;

(c) Award Plaintiff any past lost wages, including lost fringe benefits and back pay, including,

**Plaintiff's Complaint, Page 7**

without limitation, any lost benefits that would have otherwise, which resulted from  the illegal discrimination;

(d) Award Plaintiff any future lost wages, including lost fringe benefits and future pay, including, without limitation, any future benefits that would have otherwise occurred, had it not been for the illegal discrimination;

(e) Award Plaintiff compensatory and punitive damages;

(f) Award Plaintiff the costs of this action, including the fees  and costs of experts, together with reasonable attorneys' fees;

(g) Grant an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation;

(h) Grant Plaintiff such other and further relief as this court  finds necessary and proper.

                                        Respectfully submitted,
                                        ___/s/Bob Whitehurst
                                        Bob Whitehurst
                                        5380 Old Bullard Road, Suite 600, #363
                                        Tyler, Texas 75703
                                        (903)593-5588
                                        State Bar #21358100

**Plaintiff's Complaint, Page 8**